**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jean Reidhead, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | No. CV 07-8027-PHX-MHM |
| vs. ) | |
| ) | |
| Joseph P. Meyers, *et al.*, ) | |
| Defendants. ) | **ORDER** |
| ) | |
| Carribean Financial Corp., ) | |
| Counter Claimant, ) | |
| vs ) | |
| Jean Reidhead, *et al.*, ) | |
| Counter Defendants. ) | |

Pending before the Court are Defendants' Motion for Attorney's Fees (Doc. 15) and Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 21). Plaintiffs have not responded to either Motion, despite the passing of the deadline for such a response. The Court considers the Motions and issues the following Order.

I.      BACKGROUND

On June 6, 2007, Defendants removed this action from Navajo County Superior Court. The claims arose from the transfer of property and the sale of ore in Navajo County. After seeking and being granted leave of the Court, Plaintiffs filed an Amended Complaint. Plaintiffs' Amended Complaint includes the following claims: (1) Rescission – Based on Fraud; (2) Breach of Duty of Good Faith and Fair Dealing; (3) Quite Title; (4) Breach of Contract; and (5) Punitive Damages.

In the same Order in which the Court granted Plaintiffs' motion for leave, the Court denied without prejudice Defendants' motion to dismiss for failure to plead fraud with particularity. Defendants now have filed a Motion for Attorneys' Fees incurred in association with their first motion to dismiss. Defendants also have filed a Motion to Dismiss Plaintiffs' Amended Complaint arguing that all of Plaintiffs' claims are time-barred by the statutes of limitations. Defendants also request an award of attorneys' fees incurred in association with their second Motion to Dismiss. The Court will review each Motion in turn.

II.     MOTION FOR ATTORNEYS' FEES

Defendants have filed a Motion for Attorneys' Fees incurred in association with their first motion to dismiss. Defendants claim that a granting of attorneys' fees is appropriate because Plaintiffs did not properly plead fraud with particularity, despite the "nearly 10 years that Plaintiffs had to contemplate their claims." Motion for Attorneys' Fees at 2:12-13.

In their response, Plaintiffs conceded that they had not plead fraud with particularity in their original Complaint. Plaintiffs simultaneously moved for leave to amend their complaint to cure the deficiency. The Court granted Plaintiffs motion for leave to amend their complaint and Plaintiffs timely filed their amended complaint. The Court denied without prejudice Defendants' Motion to Dismiss.

Pursuant to A.R.S. § 12-349, in part, it is within a court's discretion to assess reasonable attorney fees, if an attorney or party does any of the following:

- 2 -

1. Brings or defends a claim without substantial justification.

2. Brings or defends a claim solely or primarily for delay or harassment.

3. Unreasonably expands or delays the proceedings . . . .

The Court has discretion as to whether to grant an award of attorneys' fees. Defendants have not shown that an award of attorneys' fees is merited. Specifically, Defendants have provided no evidence to show that Plaintiffs were not justified in pleading fraud, that Plaintiffs brought their fraud claim to harass Defendants, or that Plaintiffs brought their fraud claim to unreasonably expand or delay the proceedings. Moreover, the policy of liberally granting leave to amend one's complaint in an effort to determine disputes on the merits,[1] dissuades the Court from granting an award of attorneys' fees relating to Defendants' first motion to dismiss. Accordingly, Defendants' Motion for Attorneys' Fees is denied.

III. MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants have moved to dismiss Plaintiffs' Amended Complaint arguing that all claims in Plaintiffs Amended Complaint are time barred by the applicable statute of limitations. Defendants also request an award of reasonable attorneys' fees incurred in filing their second Motion to Dismiss. Plaintiffs have not filed a Response.

Plaintiffs' Amended Complaint includes claims for Rescission – Based on Fraud; Breach of Duty of Good Faith and Fair Dealing; Quite Title; Breach of Contract; and Punitive Damages. These are the same claims Plaintiffs set forth in their original Complaint, filed September 25, 2006.

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

---

[1] Leave to amend one's complaint is liberally granted. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. See Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227 (1962).

1 him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Dismissal can
2 be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged
3 under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699
4 (9th Cir. 1988). A motion to dismiss based on a statute of limitations defense is proper under
5 Rule 12(b)(6). Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Washington v.
6 Garrett, 10 F.3d 1421, 1437 (9th Cir. 1993).

7 Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any
8 material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,
9 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Material that is properly submitted as part of the
10 complaint, however, may be considered. See id. In analyzing a motion to dismiss, the Court
11 must accept as true all material allegations in the complaint, and construe them in the light
12 most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898
13 (9th Cir. 1986).

14 Defendants claim that Plaintiffs Amended Complaint "fails to state or support a
15 'cognizable legal theory' because the actions that Plaintiffs allege in their Amended
16 Complaint all occurred so long ago that Plaintiffs' claims are now time-barred by the
17 applicable statutes of limitations." Mot. to Dismiss at 3:13-16.

18 As set forth in Plaintiffs' Amended Complaint, the facts upon which Plaintiffs' claims
19 rest took place between 1994 and 1998. This means that the most recent events upon which
20 Plaintiffs' claims rest took place nine years ago. In contrast, the longest statute of limitations
21 for any of the claims alleged is six years. Specifically, (1) rescission – based on fraud
22 (A.R.S. § 12-543) has a statute of limitations of three years; (2) breach of duty of good faith
23 and fair dealing (A.R.S. § 12-548) has a statute of limitations of six years; (3) quite title
24 (A.R.S. § 12-524) has a statute of limitations of five years; (4) breach of contract (A.R.S. §
25 12-548) has a statute of limitations of six years; and (5) punitive damages has a statute of
26 limitations resulting from each of the above claims. Furthermore, Plaintiffs allege in their
27 Amended Complaint that they had actual or constructive knowledge of the allegedly
28

- 4 -

1  fraudulent scheme no later than July 1998.[2]  Therefore, it appears that the statute of
2  limitations for all of Plaintiffs' claims have run.  Accordingly, Plaintiffs' claims are
3  dismissed with prejudice.  Defendant Caribbean Financial Corporation's counter claim
4  remains.

5       Regarding Defendants' request for attorney's fees, the Court does not find it
6  appropriate to grant such an award.  There is no evidence to show that Plaintiffs bought
7  claims without substantial justification, that Plaintiffs brought claims to harass Defendants,
8  or that Plaintiffs brought claims to unreasonably expand or delay the proceedings.  See II
9  Supra.  Accordingly, Defendants' request for attorneys' fees incurred in association with
10 their second Motion to Dismiss is denied.

12 IV.  CONCLUSION
13      For the foregoing reasons,
14      IT IS ORDERED denying Defendants' Motion for Attorneys' Fees (Doc. 15)
15 incurred in association with their first motion to dismiss.
16      IT IS FURTHER ORDERED granting Defendants' Motion to Dismiss (Doc. 21).
17      IT IS FURTHER ORDERED dismissing with prejudice Counts 1 - 5 of Plaintiffs'
18 Amended Complaint.
19      IT IS FURTHER ORDERED, denying Defendants' request for attorneys' fees
20 incurred in association with their second Motion to Dismiss.

---

[2] Plaintiffs state in their Amended Complaint that they necessarily discovered Defendants' allegedly fraudulent scheme no later than 1998.  Plaintiffs also state in their Amended Complaint that the two property transfers at issue in this case were recorded with the Navajo County recorder in July 1998.  Pursuant to A.R.S. § 33-416, "the record of a grant, deed or instrument . . . which has been duly acknowledged and recorded in the proper county, shall be notice to all persons of the existence of that grant, deed or instrument . . ."

- 5 -

1    IT IS FURTHER ORDERED, directing the remaining parties to file a notice
2 informing the Court of the status of the remaining claims within 10 days of the file date of
3 this Order.

4    DATED this 21st day of April, 2008.

```
                                    _____
                                              Mary H. Murguia
                                         United States District Judge
```