**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jean Reidhead, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Joseph P. Meyers, *et al.*, ) <br> ) <br> Defendants. ) <br>  ) <br> Carribean Financial Corp., ) <br> ) <br> Counter Claimant, ) <br> ) <br> vs. ) <br> ) <br> Jean Reidhead, *et al.*, ) <br> ) <br> Counter Defendants. ) <br> _____ ) | No. CV 07-8027-PHX-MHM <br><br> **ORDER** |

Currently before the Court are Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Defendants' Motion for Attorneys' Fees (Dkt. #33). Plaintiffs filed a Response (Dkt. #36) and Defendants filed a Reply (Dkt. #37). After reviewing the pleadings, and determining oral argument unnecessary, the Court issues the following Order.

**I.    BACKGROUND**

The claims involved in this case arose from the transfer of property and the sale of ore in Navajo County. Plaintiffs filed their original Complaint in Navajo County Superior Court on May 4, 2007. On June 4, 2007, Defendants timely removed the case to federal Court

(Dkt. #1). On August 16, 2007, Defendants filed their first Motion to Dismiss, arguing that Plaintiffs did not plead fraud with particularity (Dkt. #9). Plaintiffs filed a Response, and concurrently filed a Motion for Leave to Amend (Dkt. #11). Defendants then filed a Reply, and asserted a statute of limitations argument (Dkt. #14). The Court granted Plaintiffs Leave to Amend, denied as moot Defendants' Motion to Dismiss, and directed that it was improper for Defendants to assert a new argument in their Reply (Dkt. #17). Defendants filed a Motion for Attorneys' Fees incurred in association with their first Motion to Dismiss (Dkt. #15).

Plaintiffs filed an Amended Complaint on February 4, 2008 (Dkt. #18). Defendants then filed their second Motion to Dismiss Plaintiffs' Amended Complaint, arguing that all of Plaintiffs' claims are time-barred by the statute of limitations (Dkt. #21). Defendants also requested an award of attorneys' fees incurred in association with their second Motion to Dismiss (Id.).

Plaintiffs failed to timely respond or to request an extension of time to respond to Defendants' second Motion to Dismiss. On April 23, 2008, the Court granted Defendants' second Motion to Dismiss and dismissed Plaintiffs' claims with prejudice (Dkt. #22). That same day, Plaintiffs filed a Motion for Leave to File a Delayed Response and to Vacate the Court's Order (Dkt. #23). After advising Plaintiffs' counsel that they should seek leave of the Court for any extensions of time, the Court directed Plaintiffs to file a Response, and stayed its decision on Plaintiffs' Motion to Vacate the Order (Dkt. #24). Plaintiffs filed their Response on April 25, 2008 (Dkt. #26), and Defendants filed a Reply on May 5, 2008 (Dkt. #27).

On July 1, 2008, the Court granted Plaintiffs' Motion to Vacate the Order (Dkt #29). This Court stated that "in light of Plaintiffs' Response alerting the Court to their claims of equitable tolling, the Court finds it appropriate to vacate its April 23, 2008 Order, which dismissed Plaintiff's claims with prejudice . . . ." (Id.). In its Order on Plaintiff's Motion to Vacate, this Court granted Defendants' second Motion to Dismiss, but this time dismissed Plaintiffs' claims without prejudice. (Id.). In effectuating a dismissal without prejudice, this

1 Court noted that "Plaintiffs have not alleged equitable tolling in their Amended Complaint. Nor have Plaintiffs alleged any facts to show they were unaware of the scheme to defraud or when it was they eventually 'discovered' the scheme." (Id.). This Court also denied Defendants' request for attorneys' fees incurred in association with both their first and second Motions to Dismiss. (Id.). In the same Order, this Court pointed to several deficiencies in Plaintiffs' Amended Complaint. (Dkt. #29, p. 5). Notably, this Court advised Plaintiffs that "an amended complaint supercedes the original complaint and any documents attached to the original complaint must also be attached to the amended complaint or their reference will be waived." (Id., p. 5) (citations omitted). This Court expressly required Plaintiffs to attach to their second amended complaint any documents they wished the Court to consider as part of their pleading, and that failure to do so would result in waiver of reference to any documents not attached to the Second Amended Complaint. (Id.).

On July 18, 2008, this Court ordered Plaintiffs to file a second amended complaint by close of business on July 25, 2008. (Dkt. #30). On July 25, 2008, Plaintiffs filed their Second Amended Complaint alleging the following claims: (1) Rescission Based on Fraud; (2) Breach of Duty of Good Faith and Fair Dealing; (3) Quiet Title; (4) Breach of Contract; and (5) Punitive Damages (Dkt. #32). Defendants filed a third Motion to Dismiss on August 1, 2008, again arguing that all of Plaintiffs' claims are time-barred by the statute of limitations (Dkt. #33). Defendants also requested an award of attorneys' fees incurred in association with their prior pleadings to date and their third Motion to Dismiss. (Id.). Plaintiffs filed a Response on August 25, 2008 (Dkt. #36), and Defendants filed a Reply on September 5, 2008 (Dkt. #37).

**II.     STANDARD OF REVIEW**

A motion to dismiss based on a statute of limitations defense is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990); Washington v. Garret, 10 F.3d 1421, 1437 (9th Cir. 1993). However, motions to dismiss are generally not favored because they test the legal sufficiency of the complaint without the benefit of a fully developed factual record. See Newman v. Maricopa

- 3 -

1  County, 167 Ariz. 501, 504, 808 P.3d 1253, 1256 (App. 1991).  A motion to dismiss under
2  Rule 12(b)(6) cannot be granted unless "it appears beyond a doubt that the plaintiff can prove
3  no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson,
4  355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).  All material allegations in a complaint must be taken
5  as true and construed in the light most favorable to the non-moving party.  See North Star
6  International v. Arizona Corporation Commission, 720 F.2d 578, 580 (9th Cir. 1983).
7  Dismissal is warranted only if, as a matter of law, the plaintiff would not be entitled to relief
8  on any interpretation of those facts.  See Doe ex rel. Doe v. State, 200 Ariz. 174, ¶ 2, 24 P.3d
9  1269, 1270 (2001).

10 **III.    MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

11         As an initial matter, Plaintiffs reference five exhibits in their Second Amended
12 Complaint that were attached to their original Complaint.  However, Plaintiffs were
13 previously advised that any documents attached to the original complaint must be attached
14 to the amended complaint in order to be considered by this Court. (Dkt. #29).  As such, the
15 Court will not consider Exhibits A through E attached to Plaintiffs original complaint.
16 Further, Plaintiffs have attached an exhibit to their Response that was not included or
17 referenced in the Second Amended Complaint.  Defendants argue that the Court should not
18 consider these documents or, alternatively, that Defendants' Motion to Dismiss should be
19 converted to a motion for summary judgment and Defendants should have an opportunity to
20 submit material outside the pleadings.  See Jacobsen v. AEG Capital Corp., 50 F.3d 1493,
21 1496 (9th Cir. 1995) (In general, material outside the pleadings cannot be considered in
22 ruling on a motion to dismiss under Rule 12(b)(6), unless the motion is treated as one for
23 summary judgment and the parties are "given reasonable opportunity to present all materials
24 made pertinent to such a motion by Rule 56.").  The Court will not consider Plaintiffs'
25 exhibit and Defendants' Motion to Dismiss will not be converted to a motion for summary
26 judgment.

27         In their Motion to Dismiss, Defendants argue that all the claims in Plaintiffs' Second
28 Amended Complaint are time barred by the applicable statute of limitations.  In their

- 4 -

1  Response, Plaintiffs contend that Defendants actions are part of a continuing scheme to
2  defraud Plaintiffs that is *still* being perpetrated by Defendants, and the statute of limitations
3  has therefore not expired on their claims.  In addition , Plaintiffs claim that the doctrine of
4  equitable tolling should preserve their claims because they were not aware of the alleged
5  wrongdoings at the time they are alleged to have taken place.

6  As stated above, Plaintiffs have asserted claims for Rescission Based on Fraud,
7  Breach of Duty of Good Faith and Fair Dealing, Quiet Title, Breach of Contract, and Punitive
8  Damages.  The longest statute of limitations period for any of the claims alleged is six years.
9  Specifically, (1) rescission based on fraud (A.R.S. § 12-543) has a statute of limitations of
10 three years; (2) breach of duty of good faith and fair dealing (A.R.S. § 12-548) has a statute
11 of limitations of six years; (3) quiet title (A.R.S. § 12-524) has a statute of limitations of five
12 years; (4) breach of contract (A.R.S. § 12-548) has a statute of limitations of six years; and
13 (5) punitive damages has a statute of limitations resulting from each of the above claims.

14 Plaintiffs' Second Amended Complaint alleges Defendants' "continuing scheme to
15 defraud" Plaintiffs with regard to the transfer of property and sale of ore.   However,
16 Plaintiffs fail to present any facts to establish such a scheme.[1]  Plaintiffs merely restated their
17 previous allegations from their Amended Complaint in their Second Amended Complaint;
18 Plaintiffs fail to allege any additional facts that the Court might consider in determining
19 whether Defendants continue to perpetuate a fraudulent scheme.  As such, the Court cannot
20 find sufficient facts alleged in Plaintiffs Second Amended Complaint to support Plaintiffs'
21 causes of action.

22 Plaintiffs also contend that the statute of limitations does not bar their claims because
23 Plaintiffs did not discover the alleged wrongdoings at the time they were performed and that

---

[1] Plaintiffs also argue that Defendant Joseph P. Meyers had a continuing fiduciary duty to Plaintiffs, and his continued actions constitute a violation of that duty.  However, Plaintiffs have not alleged breach of fiduciary duty in their Second Amended Complaint, and their claim for breach of fiduciary duty is not appropriate for the Court to consider at this time.  Nonetheless, Plaintiffs fail to provide any evidence of continuing violations of Mr. Meyers fiduciary duty, if any, toward Plaintiffs.

- 5 -

1 the doctrine of equitable tolling has stopped the running of the statute of limitations. With
2 respect to whether Plaintiff's claims are time barred, under Arizona's discovery rule, a
3 "plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of
4 reasonable diligence, should know the facts underlying the case." Gust, Rosenfeld &
5 Henderson v. Prudential Ins. Co. of Am., 182 Ariz. 586, 898 P.2d 964, 966 (1995).
6 Defendants argue that Plaintiffs had actual or constructive notice of the alleged fraudulent
7 scheme by July 15,1998.[2] However, Plaintiffs contend that the mere recording of documents
8 does not give notice of fraud. See Hall v. World Savings and Loan Association, 189 Ariz.
9 495, 943 P.2d 855 (App. 1997) ("[c]onstructive notice includes both information available
10 through recorded documents and knowledge of facts that impose a duty to inquire."). While
11 the Court agrees that the mere recording of documents does not give notice of fraud, the
12 Court must also look at Plaintiffs' knowledge of the facts surrounding the recording to
13 determine whether they had notice of fraud. See Id.

14 In Plaintiffs' Second Amended Complaint, they allege that Defendants Joseph P.
15 Meyers and Vikki Higginson were removed from all positions as officers, directors or agents
16 of Apache Mining Co. on or about April 15, 1997. (Dkt. #32, ¶ 16). Further, Plaintiffs
17 allege that on or about July 15, 1998, Ms. Higginson, purportedly acting as President of
18 Apache Mining Co., caused a Warranty Deed to be executed and recorded. (Dkt. #32, ¶ 17).
19 Thus, Plaintiffs were aware, at the time the documents were recorded, that Ms. Higginson
20 did not have the authority to effect such a transfer. Plaintiffs fail to present any other facts
21 to show that they were unaware of the scheme to defraud or when it was they eventually
22 discovered the scheme. Even when construing the allegations in the Second Amended
23 Complaint in the light most favorable to Plaintiffs, the Court cannot find sufficient facts

---

[2] Plaintiffs state in their Second Amended Complaint that the two property transfers at issue in this case were recorded with the Navajo County Recorder in July 1998. (Dkt. #32, ¶ 17). Pursuant to A.R.S. § 33-416, "the record of a grant, deed or instrument . . . . which has been duly acknowledged and recorded in the proper county, shall be notice to all persons of the existence of that grant, deed or instrument . . . ."

- 6 -

alleged to support Plaintiffs' argument that the statute of limitations did not begin to run until some still undefined point in time.

The Court will finally address whether the doctrine of equitable tolling should apply to the instant case. "Courts have applied equitable tolling when extraordinary circumstances beyond plaintiffs control made it impossible to file the claims on time." McCloud v. State, Ariz. Department of Public Safety, 217 Ariz. 82, 87, 170 P.3d 691, 696 (App. 2007) (quoting Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir.1996) (internal quotations omitted)). "To establish extraordinary circumstances, a petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments." Id. (quoting Collins v. Artus, 496 F.Supp.2d 305, 313 (S.D.N.Y. 2007)). Despite the fact that the Court has provided Plaintiffs with an opportunity to submit a Second Amended Complaint in order to state sufficient facts that would warrant this Court's application of the rarely invoked doctrine of equitable tolling, Plaintiffs failed to do so. Plaintiff's Second Amended Complaint fails to allege facts that would constitute extraordinary circumstances that would permit equitable tolling of Arizona's statute of limitations on Plaintiff's claims of rescission, breach of duty of good faith and fair dealing, quiet title and breach of contract. Plaintiffs have at best provided the Court with no more than bare bones "personal conclusions" regarding equitable tolling. As such, the Court finds that equitable tolling is not appropriate. Therefore, Plaintiffs' claims are barred by the applicable statute of limitations, and are dismissed with prejudice.

### IV.   MOTION FOR ATTORNEYS' FEES

Defendants argue that they are entitled to an award of attorneys' fees incurred in association with their prior pleadings and those incurred in association with the instant Motion to Dismiss. Pursuant to A.R.S. § 12-349, it is within a court's discretion to assess reasonable attorney fees, if an attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.
2. Brings or defends a claim solely or primarily for delay or harassment.
3. Unreasonably expands or delays the proceedings . . . .

1    Regarding Defendants request for attorneys' fees incurred in association with their
2 prior pleadings, Defendants have provided no evidence to show that Plaintiffs brought their
3 claims without substantial justification, that Plaintiffs brought their claims solely or primarily
4 to delay or harass, nor that Plaintiffs have unreasonably expanded or delayed the
5 proceedings. Further, Defendants fail to provide any evidence which would lead this Court
6 to change its previous decision to deny attorneys' fees incurred in association with their prior
7 pleadings. As such, Defendants' request for attorneys' fees incurred in association with their
8 prior pleadings is denied.

9    However, in relation to Defendants request for attorneys' fees incurred in association
10 with the instant Motion to Dismiss, Defendants have shown that an award of attorneys' fees
11 is merited. This Court previously dismissed Plaintiffs' Amended Complaint based on statute
12 of limitations grounds. (Dkt. #29). Further, this Court granted Plaintiffs leave to amend their
13 complaint to assert an equitable tolling claim, and provide facts sufficient to support such a
14 claim. (Id.). Yet, Plaintiffs failed to provide facts sufficient to support an equitable tolling
15 claim in their Second Amended Complaint, despite this Court's explicit instructions to do so.
16 (Dkt. #32). As such, the Court finds that Plaintiffs' filing of their Second Amended
17 Complaint unreasonably expanded or delayed the proceedings in this action. Therefore,
18 Defendants' request for attorneys' fees incurred in association with the instant Motion to
19 Dismiss is granted.

20 **V.    CONCLUSION**

21    For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Second
22 Amended Complaint is granted. Further, Defendants' Motion for attorneys fees incurred in
23 association with the instant Motion to Dismiss is granted.

24    **Accordingly,**

25    **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Second
26 Amended Complaint is **GRANTED**. (Dkt. #33).

27    **IT IS FURTHER ORDERED** that all Counts of Plaintiffs' Second Amended
28 Complaint are **DISMISSED WITH PREJUDICE**. (Dkt. #32).

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees Pursuant to A.R.S. §§ 12-341.01(C) and 12-349 is **GRANTED IN PART**. (Dkt. #33). Defendants' request for attorneys' fees incurred in association with their prior pleadings to date is DENIED. Defendants' request for attorneys' fees incurred in association with the instant Motion to Dismiss is GRANTED.

DATED this 10th day of December, 2008.

_____
Mary H. Murguia
United States District Judge