IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jean Reidhead, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>Joseph P. Myers, et al.,<br><br>    Defendants.<br>_____<br><br>Caribbean Financial Corporation,<br><br>    Counterclaimant/Judgment Creditor,<br>vs.<br><br>Jean Reidhead, et al.,<br><br>    Counterdefendants/Judgment Debtors.<br>_____<br><br>Reidhead Sand & Rock Incorporated, et al.,<br><br>    Garnishees.<br>_____ | No. CV-07-08027-PCT-GMS<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

      This matter arises on a Writ of Garnishment of Non-Earnings issued on July 18, 2013 (Doc. 134). The matter was referred to this Court for post-judgment garnishment proceedings by the Honorable G. Murray Snow, United States District Judge. (Doc. 142.)

**BACKGROUND**

On June 4, 2007, this action was removed from the Navajo County Superior Court, Case No. CV2006-0442. (Doc. 1.) On August 16, 2007, Caribbean Financial Corporation ("Caribbean" or "Judgment Creditor") filed an answer and counterclaim against Jean Reidhead,[1] Patrick Kent Reidhead, and Reidhead Sand & Rock Incorporated. (Doc. 8.) Judgment in the amount of $1,091,192.50 was entered in favor of Caribbean against those three parties on August 16, 2010. (Doc. 91.) The parties appealed the judgment, and in a memorandum decision filed on July 30, 2012 (Doc. 110), the Ninth Circuit Court of Appeals affirmed the judgment against Jean Reidhead and Patrick Kent Reidhead, but remanded for further proceedings as to Reidhead Sand & Rock Incorporated. Caribbean released judgment as to Reidhead Sand & Rock Incorporated on November 26, 2012. (Doc. 118.)

On July 17, 2013, Judgment Creditor filed an Application for a Writ of Garnishment of Non-Earnings pursuant to A.R.S. §§ 12-1572 through 12-1597 against Reidhead Sand & Rock Incorporated ("Garnishee" or "RS&R") asserting in pertinent part that

> [X] Garnishee owes judgment debtor money which was not earned by judgment debtor for personal services.
>
> [X] Garnishee is holding money for judgment debtor which is not exempt from collection.
>
> [X] Garnishee has personal property which belongs to judgment debtor and is not exempt from collection.
>
> [X] Garnishee is a corporation and judgment debtor owns shares or other interest in the corporation.

(Doc. 132.) A Writ of Garnishment was issued on July 18, 2013 (Doc. 134), and was served on Garnishee on July 29, 2013 (Doc. 138). On August 9, 2013, Garnishee filed an Answer to the Writ (Doc. 140), responding in pertinent part:

---

[1] Jean Reidhead ("Judgment Debtor") appears in this action individually, as successor trustee of the Terrence and Jean Reidhead Family Trust, and as Personal Representative of the Estate of Terrence Reidhead. (*See* Doc. 91.)

> 2. Was the Garnishee indebted to or otherwise in possession of monies of the Judgment Debtor at the time the Writ was served? _X_ Yes ___ No.
>
> 3. What is the total amount of indebtedness or monies of the Judgment Debtor in the possession of the Garnishee at the time the Writ was served? $1,700.00
>
> 4. What is the total amount of indebtedness or monies of the Judgment Debtor withheld by the Garnishee pursuant to the Writ? $1,700.00.
>
> …
>
> 6. At the time the Writ of Garnishment was served upon the Garnishee, did the Garnishee have possession of personal property of the Judgment Debtor. ___ Yes _X_ No.
>
> …
>
> 9. If the Garnishee is a corporation, does the Judgment Debtor have now, or did the Judgment Debtor have at the time the Writ was served, any stocks, bonds, options, or other interest in the Corporation? _X_ Yes ___ No.
>
> If yes, state the number and type of shares owned by each Judgment Debtor and the name of the owner and a description of any other interest the Judgment Debtor owns in the Garnishee Corporation as of the date the Writ was served, as shown on the Corporation's records: 49%

(Doc. 140.)

On August 9, 2013, Garnishee additionally filed a Request for Hearing "to object to the Garnishment or claim exempt monies." (Doc. 141.) Garnishee requested to "[d]etermine whether additional funds are subject to garnishment." (*Id.*) Pursuant to that request, a hearing was held on August 28, 2013, at which counsel for Garnishee, Judgment Debtor, and Judgment Creditor appeared. (Doc. 148.) Following the hearing, the Court called for Garnishee to file a supplemental answer to the Writ of Garnishment (Doc. 149), which it filed on September 19, 2013 (Doc. 150). Thereafter, the Court advised that the parties would have until October 7, 2013 to file an objection to the supplemental answer or a request for hearing. (Doc. 152.) Neither was filed.

## ANALYSIS

### I. Legal Standard

Generally, a federal writ of garnishment is governed by the law of the state in which the district court sits. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996); Fed. R. Civ. P. 69(a) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located…"). Arizona's garnishment statutes apply to garnishments of

> 1. Indebtedness owed to a judgment debtor by a garnishee for monies which are not earnings....
>
> 2. Monies held by a garnishee on behalf of a judgment debtor.
>
> 3. Personal property of a judgment debtor that is in the possession of a garnishee.
>
> 4. Shares and securities of a corporation or a proprietary interest in a corporation belonging to a judgment debtor, if the garnishee is a corporation.

A.R.S. § 12-1570.01(A).

"A party who has an objection to the writ of garnishment [of non-earnings], the answer of the garnishee or the amount held by the garnishee or a party claiming an exemption from garnishment may… file a written objection and request a hearing." A.R.S. § 12-1580(A). "If a timely objection is filed the court, after hearing evidence and argument, shall determine whether the writ is valid against the judgment debtor, what amount is presently due and owing on the underlying judgment and what amount of nonexempt monies, if any, the garnishee was holding for or owed to the judgment debtor at the time the writ was served, and the court shall enter judgment on the writ against the garnishee for that amount or enter an order discharging the garnishee if no nonexempt monies are determined owing." A.R.S. § 12-1584(B).

Under Arizona law, in order to determine the liability of the garnishee, a court must look to the facts as they were found to exist at the time the writ was served. *See*

*Reeb v. Interchange Resources, Inc. of Phoenix*, 478 P.2d 82, 83 (Ariz. 1970) ("garnishment reaches only debts existing at the time of the service of the writ"). "[I]t is well settled in Arizona that the rights of a garnishor-creditor to assets in the hands of a garnishee are no greater than rights of the defendant-debtor to those assets." *Webster v. USLife Title Co.*, 598 P.2d 108, 110 (Ariz. Ct. App. 1979) (citing *Mid–State Electric Supply Co. v. Arizona Title Insurance & Trust Co.,* 464 P.2d 604, 606-07 (Ariz. 1970)).

## II.     Application

### A.     A.R.S. § 12-1570.01(A)(1) – Indebtedness Owed

First, in its Answer, Garnishee responds that at the time the Writ of Garnishment was served, it was indebted to or otherwise in possession of monies of Judgment Debtor, and has withheld monies totaling in $1,700. (Doc. 140 at ¶¶ 2-4.) During the hearing held on August 28, 2013, Garnishee clarified that these funds were owed to Judgment Debtor pursuant to a "moral obligation" orally made approximately five years ago. It was purported that Jack Zellner, a partial owner of Reidhead Rock & Sand Incorporated, agreed as a "moral obligation" to pay Jean Reidhead $1,700 on a bi-monthly basis for an indefinite period of time. In its supplement, Garnishee retracts this portion of its answer, asserting that it "was not indebted to the judgment debtor at the time the original writ was served." (Doc. 150 at 2.) It clarifies that "in an abundance of caution, [Garnishee] answered the writ indicating it held funds 'owed to a judgment debtor,'" because it "did not want to expose itself to any potential liability." (*Id.*)

The Court finds no basis to conclude that the purported $1,700 "moral obligation" was a debt owed to Judgment Debtor at the time the Writ was served within the meaning of A.R.S. § 12-1570.01(A)(1). "As of the time of service, there must be a clear, ascertainable debt existing to [judgment debtor], a debt not contingent upon other events." *Able Distributing Co., Inc. v. James Lampe, General Contractor*, 773 P.2d 504, 507 (Ariz. Ct. App. 1989). *See also* A.R.S. § 12–1584(B). "[M]erely because a debt is disputed does not mean that it is 'contingent.'" *Able Distributing Co.,* 773 P.2d at 507. "A debt is contingent for purposes of garnishment if it is one that may never become due

and payable." *Id.* at 510. *Cf. Weir v. Galbraith*, 376 P.2d 396, 401 (1962) (finding buyer's obligation was not a contingent condition because it was "definite, fixed and absolute"). Here, nothing has been presented which indicates that the obligation is or was "definite, fixed, or absolute," and appears to be a contingent condition, because it could never become due and payable. *See Able Distributing Co.*, 773 P.2d at 510; *Weir*, 376 P.2d at 401.

In fact, no party argues the contrary. At the hearing, counsel for Jean Reidhead stated that the bi-monthly payment "…was simply a moral obligation, it was not documented… and [Jean Reidhead] knows that …she has no legal right to enforce payment of those monies at all..." (Hr. Rec. Aug. 28, 2013.) Further, while at the hearing the parties debated whether the $1,700 payment (or future payments) could qualify or should be restructured as employment earnings, that issue is not relevant to the instant proceedings. The Writ of Garnishment at issue here seeks garnishment of *non-earnings*. To the extent Garnishee also "anticipated that judgment creditor Caribbean Financial Corporation might argue that such funds were a dividend or distribution payable to Jean Reidhead on account of her ownership interest" (Doc. 150 at 2), no such argument or objection has been made. Therefore, the Court concludes that the $1,700 "moral obligation" was not "[i]ndebtedness owed to a judgment debtor" at the time the Writ of Garnishment was served. Accordingly, the Court will recommend that Garnishee be discharged of these monies. *See* A.R.S. § 12-1584(B).

### B.     A.R.S. § 12-1570.01(A)(4) – Shares of a Corporation

Next, in its Answer, Garnishee states that at the time the Writ of Garnishment was served, it was a corporation in which Judgment Debtor had stocks, bonds, options, or other interest. (Doc. 140 at ¶ 9.) With its supplement, Garnishee submits an "Agreement for Transfer of Stock" dated April 11, 2003, indicating that 49% of the issued and outstanding common stock of Garnishee corporation is owned by Judgment Debtor in her capacity as Trustee of the Terrence and Jean Reidhead Revocable Family Trust. (Doc. 150-1.) Based upon this percentage, Garnishee avers that Judgment Debtor is the owner

of 196 of the 400 issued and outstanding shares of common stock. (Doc. 150 at 3.) While unable to estimate the monetary value of that interest in the corporation, Garnishee proffers the corporation's "most recent" balance sheet, showing a total stockholders' equity of $1,574,288.96. (Doc. 150-2.) No challenges to these allegations or calculations have been filed.

Based on the foregoing, it appears from the answer and supplemental answer that, at the time the Writ was served, Judgment Debtor was the owner of shares of stock of Garnishee, an Arizona corporation (*see* Doc. 48, 150-1). Therefore, the Court will recommend that judgment be entered against Garnishee as to these non-earnings described under A.R.S. § 12-1570.01(A)(4). *See* A.R.S. § 12- 1584(B). To that end, the Court will further recommend that Judgment Creditor be ordered to submit a proposed form of judgment which would set forth the manner by which the shares of stock will be sold under execution for its benefit in accordance with A.R.S. §§ 12-1585, 12-1588 and A.R.S. §§ 12-1551, et seq.

## CONCLUSION

A review of the record demonstrates that on August 16, 2010, the Court entered judgment in favor of Caribbean Financial Corporation against Jean Reidhead in the amount of $1,091,192.50. A Writ of Garnishment of Non-Earnings was served on Garnishee RS&R on July 29, 2013 in accordance with A.R.S. § 12-1574. The Court finds that Garnishee RS&R was not, at the time the Writ of Garnishment was served, indebted to Jean Reidhead for non-earnings within the meaning of A.R.S. § 12-1570.01(A)(1). The Court further finds that at the time the Writ of Garnishment was served, Garnishee RS&R was a corporation in which Jean Reidhead owned shares of stock, non-earnings within the meaning of A.R.S. § 12-1570.01(A)(4).

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED:**

1. That Garnishee RS&R be discharged of the Writ of Garnishment (Doc. 134) as to the monies withheld in the amount of $1,700;

2. That judgment be entered on the Writ of Garnishment (Doc. 134) against Garnishee RS&R as to the shares of stock, non-earnings within the meaning of A.R.S. § 12-1570.01(A)(4), belonging to Judgment Debtor Jean Reidhead; and

3. That the Court order Judgment Creditor to submit a proposed form of judgment within 30-days of the Court's final order, setting forth the manner by which the shares of stock will be sold under execution, up to a total amount in worth of $1,091,192.50.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 24th day of October, 2013.

Honorable Steven P. Logan
United States Magistrate Judge